Wheeler, 0. J.
—It maybe admitted that the lien of the vendor, Fisher, for the unpaid purchase-money due from Brown was unaffected by the substitution of Taylor for Brown as the debtor, upon the sale and conveyance of the land from Brown to Taylor. It may be quite true that the lien subsisted, notwithstanding the sale and conveyance, and attached to the land in the hands of Taylor; yet it has not been enforced. Nothing has been done to give it effect. In the rendition of judgment upon the note for the purchase-money the lien was not asserted. The judgment was rendered in personam only, and operated as a lien only from its rendition; not by reason of the cause of action on which it was rendered, but by force of the statute, which made it a lien upon the real estate of the debtor within the county from its rendition. (0. & W. Dig., Art. 1040.) The judgment did not give effect to the vendor’s lien. That remained to be asserted, and was ineffectual for any purpose,' affecting the title of the property, until *317 asserted. The judgment lien arose subsequently to the giving of the mortgage, and of course was subordinate to that, and the purchaser at the sale under the judgment took the title subject to the lien of the mortgage. If by his purchase he acquired the equity of redemption, he must have asserted it before it' was cut off by the foreclosure of the mortgage. He, however, did not acquire it, for it had already been concluded by the decree of foreclosure. The vendor’s lien, not having been asserted, gave no additional effect to the sale under the execution; and the judgment lien being subsequent, and- consequently subordinate to the mortgage, the purchaser at the sale under the execution took subject to the rights of the mortgagee; and the equity of redemption having been concluded by the decree of foreclosure, it results that the purchaser at the sale under the decree took the title unaffected by the lien of the judgment and the sale under execution. The purchaser at the execution sale acquired no right or interest by his purchase, as against the title of the purchaser at the sale under the decree of foreclosure of the mortgage. Even if the vendor’s lien might be enforced by execution upon the judgment, still, being a secret lien, it could not be set up against a purchaser of the land bona fide withoitt notice of the lien; and such the plaintiff appears to have been. There is no evidence that he had notice of the lien, or the consideration of the note on which Fisher’s judgment was rendered. He knew of the sale under the execution, and this was notice of the judgment, and all that the record of the judgment disclosed; but the record of the judgment gave him no notice that the note upon which it was .rendered was given for the purchase-money for the land. There was nothing in the record to suggest inquiry upon that subject. He, therefore, must be deemed an innocent purchaser, and, in any point of view, his title is unaffected by the vendor’s lien, or by any right of the purchaser at the execution sale. This view of the case is *318 decisive of it in favor of the plaintiff below. This was the superior title, and the judgment was rightly rendered in his favor. The charge of the court, which is complained of, was upon an immaterial matter, and whether correct or not, can have had no influence upon the decision, adversely to any right of the appellant. There is no error in the judgment, and it is
Affirmed.